**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH PAUL GUARNERI,**

                **Plaintiff,**                9:05-CV-444
                                                              (GLS/DRH)

                **v.**

**JOHN BATES, JR.,** _Sheriff of Schoharie County_; **LT. HAZZARD,** _Superintendent of Schoharie County Jail_; **MR. SANTORO,** _First Sergeant of Schoharie County Jail_; **MR. NEWMAN,** _Sergeant of Schoharie County Jail_; **ROLAND HIRST,** _Deputy of Schoharie County Jail_; **MR. GORDON,** _Deputy of Schoharie County Jail_; **PAUL MARSH, JR.,** _Deputy of Schoharie County Jail_; **SCHOHARIE COUNTY JAIL MEDICAL DEPARTMENT**; **DR. WEITZ,** _Physician for Schoharie County Jail_,

                             **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JOSEPH PAUL GUARNERI
_Pro Se_
05-B-0213
Elmira Correctional Facility
P.O. Box 500

Elmira, New York 14902

**FOR THE DEFENDANTS:**

| | |
|---|---|
| GIRVIN, FERLAZZO LAW FIRM | GREGG T. JOHNSON, ESQ. |
| 20 Corporate Woods Boulevard | JACINDA HALL CONBOY, ESQ. |
| 2nd Floor | |
| Albany, New York 12211-2350 | |

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff *pro se* ("Guarneri") brings this action pursuant to 42 U.S.C. § 1983. He alleges that the defendants violated his constitutional rights under the Eighth Amendment through deliberate indifference to his serious medical needs. (See Compl. ¶ 1, Dkt. No. 1.) The defendants filed a motion for summary judgment seeking dismissal of Guarneri's action which was referred to Magistrate Judge David R. Homer for report and recommendation.[1] S*ee* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 723(c); Gen. Order No. 12, § D(1)(G). Judge Homer recommended that the motion be granted and the action be dismissed. (See Dkt. No. 86.)

---

[1] The Clerk is directed to append Judge Homer's Report-Recommendation to this decision, and familiarity is presumed.

Guarneri has now filed timely objections.  (See Dkt. No. 87.)

## II. **Standard of Review**

A party's objection to the findings and recommendations of the Magistrate Judge must be filed within 10 days of receiving the Magistrate's recommendation and order.  *See id.* at *2-6.  Objections must be written and specific, which is to say they must "specify the findings and recommendations to which [the party] object[s], and the basis for their objections."  *Id.*

Those recommendations and findings as to which the party has made timely, specific objection must be reviewed *de novo*.  *Id.*  However, those as to which the party has not made timely and/or specific objection are not entitled to any review, although the court may, in its discretion, elect to conduct a review nonetheless.  *Id.*  While the court may conduct a discretionary review pursuant to any standard it sees fit, this court has consistently applied a "clearly erroneous" standard.  *Id.*  Under this standard a recommendation or finding will be overturned only if "the court determines that there is a mistake of fact or law which is obvious and affects substantial rights."  *Id.*

Objections based on arguments not raised as a matter of first

3

impression before the Magistrate Judge are also not entitled to any review. *See id.* In such a situation the court may again elect to conduct a discretionary review, this time using a *de novo* standard as a matter of necessity, since the Magistrate has not had an opportunity to pass on the argument. *See id.*

### III. Discussion

To establish a claim for denial of medical care in violation of the Eighth Amendment a plaintiff must establish deliberate indifference to a serious medical need. *See Wilson v. Seiter*, 502 U.S. 294, 297 (1991). While conceding that Guarneri's shoulder injury was serious, Judge Homer found that his knee injury was not. In addition, Judge Homer found that the defendants herein were not deliberately indifferent to either injury.

Guarneri's only cognizable objection is that he has established that both his knee and shoulder injuries were sufficiently serious under the Eighth Amendment. However, Guarneri has not objected to Judge Homer's recommendation insofar as it found an absence of deliberate indifferent to Guarneri's medical conditions. Perceiving no clear error in this finding the Court adopts it.

Since Guarneri has failed to adduce evidence of deliberate

4

indifference by the defendants herein, the Court dismisses his action.

## IV. **Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Judge Homer's January 10, 2008 Report-Recommendation (Dkt. No. 86.) is accepted and adopted in its entirety; and it is further

**ORDERED** that Guarneri's complaint is dismissed in its entirety; and it is further

**ORDERED** that the Clerk of the Court enter judgment in favor of the defendants and close this case; and it is further

**ORDERED** that the Clerk of Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

March 10, 2008
Albany, New York

Gary L. Sharpe
U.S. District Judge